UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVON BANKS,

        Petitioner,

v.                                                    20-CV-567-LJV-MJR
                                                        DECISION & ORDER

HON. SUZANNE MAXWELL BARNES,

        Respondent.

---

On May 11, 2020, the *pro se* petitioner, Davon Banks, submitted a petition for a writ of habeas corpus. Docket Item 1. On December 16, 2020, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 13.

On June 8, 2022, Judge Roemer ordered Banks "to show cause, in writing, by July 8, 2022, why this case should not be dismissed for failure to prosecute and/or failure to comply with [Local Rule of Civil Procedure] 5.2(d)."[1] Docket Item 21 at 3. Banks did not respond to that order to show cause, and the order was returned as undeliverable. Docket Item 22. Therefore, on July 27, 2022, Judge Roemer issued a Report and Recommendation ("R&R") finding that this case should be dismissed. Docket Item 23. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[1] Local Rule of Civil Procedure 5.2(d) provides that "[t]he Court must have a current address [for a *pro se* litigant] at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice."

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to dismiss the petition.

For the reasons stated above and in the R&R, Banks's application for a writ of habeas corpus, Docket Item 5, is DENIED, and the petition is DISMISSED.  The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

Banks must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

      SO ORDERED.

Dated:      August 22, 2022
               Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE